UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA )
)
v. ) CR No. 07-065S
)
)
LEODEGARIO GARCIA-MENDEZ )

GOVERNMENT'S SENTENCING MEMORANDUM

The defendant objects to the guideline sentencing range of 41 to 51 months as calculated by the probation officer because he contends the guideline range was adjusted 16 levels because of a 20 year-old conviction. Additionally, the defendant claims that the Court should depart from his guideline range because the defendant is an alcoholic.

DEPARTURE

The Court should not depart from the sentencing guideline range for the reasons stated by the defendant. Application note 6 to U.S.S.G. § 2L1.2 provides that an adjustment pursuant to § 2L1.2 such as the defendant received in this case may be based upon a conviction that is not countable under Chapter Four, Part A (Criminal History). In other words, an old conviction that is not countable for criminal history points may nonetheless be considered under § 2L1.2. The government is unaware of any basis for departure simply because the conviction relied upon for the § 2L1.2(b) adjustment is not countable, nor has the defendant cited

to a guideline provision that negates application note 6 and provides for a departure on this basis. Likewise, "[d]rug or alcohol dependence or abuse is not a reason for a downward departure." U.S.S.G. § 5H1.4. The defendant has not set forth a legal basis for this Court to depart from the guideline range calculated by the probation officer.

## VARIANCE

To the extent the defendant's sentencing memorandum can be construed as seeking a variance from the applicable guideline range, the government maintains that this request should be denied. Instead, the government maintains that a sentence within the guideline range is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a). The defendant is a recidivist, who has repeatedly demonstrated a lack of respect for the criminal laws and immigration laws of this country. Moreover, he is an apparent drug abuser, who still has yet to admit to his substance abuse. Illegal immigration is a serious problem in American society and there is great need for deterrence in this realm. Given the defendant's personal characteristics, the offenses involved, and society's need for deterrence, a variance from the guideline range is not warranted.

## CONCLUSION

For the foregoing reasons, the government asks that the Court impose a sentence within the guideline range.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U.S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001

CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2007, a copy of the within "Government's Sentencing Memorandum" electronically filed. Additionally, a copy of the memorandum was mailed to the following addressee:

Mr. Mark B. Laroche, Esq.
10 Dorrance Street #515
Providence, RI 02903
(401) 751-1919

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U.S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001